1  ADAM PAUL LAXALT
     Attorney General
2  ERIN L. ALBRIGHT, Bar No. 9953
     Deputy Attorney General
3  State of Nevada
   Bureau of Litigation
4  Public Safety Division
   100 N. Carson Street
5  Carson City, Nevada 89701-4717
   Tel: (775) 684-1257
6  E-mail: ealbright@ag.nv.gov

7  *Attorneys for Defendants*
   *Romeo Aranas, James Cox,*
8  *Francisco Sanchez and Brian Williams*



FILED ___ RECEIVED
___ ENTERED ___ SERVED ON
COUNSEL/PARTIES OF RECORD

JUL 2 3 2018

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ORDER

LEWIS WILLIAM STEWART,

              Plaintiff,

v.

ROMEO ARANAS, et al.,

              Defendants

Case No. 3:17-cv-00132-MMD-VPC

**MOTION TO CONTINUE EARLY MEDIATION CONFERENCE
(FIRST REQUEST)**

Defendants, Romeo Aranas, James Cox, Francisco Sanchez and Brian Williams, by and through counsel, Adam Paul Laxalt, Attorney General of the State of Nevada, and Erin L. Albright, Deputy Attorney General, hereby move this honorable Court to continue the early mediation conference in this matter, which is currently scheduled for ~~August 22, 2017~~ July 24, 2018. This motion is based on the following Memorandum of Points and Authorities and the papers and pleadings on file herein.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   FACTS AND PROCEDURAL HISTORY**

This case is a *pro se* inmate civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 4 at 1). Plaintiff, Lewis William Stewart (Plaintiff) *was* an inmate in the lawful custody of the Nevada Department of Corrections (NDOC) at the time the Complaint was filed. *Id.* The Complaint was screened and this Court allowed an Eighth Amendment deliberate indifference to a serious medical need claim to proceed against Defendants Aranas, Clark, Jones, Sanchez, and Su. (ECF No. 3 at 6).

Since the filing of the Complaint, Plaintiff was released from NDOC's custody on parole and filed a notice of change of address. (ECF No. 7). Thereafter, this Court ordered the parties to participate in an early mediation conference (EMC) on July 31, 2018. (ECF No. 10).

After receipt of the Complaint, defense counsel requested all documents related to this matter from Defendants. Due to Plaintiff's release from NDOC custody, all records pertaining to Plaintiff have been placed in storage. Defendants have requested all records pertaining to this matter from storage. To date, storage has failed to provide Defendants with the requested documentation.

On July 23, 2018, defense counsel and Plaintiff discussed this matter. Defense counsel explained to Plaintiff that she could not analyze the case at this time due to the fact that she had not received the necessary documentation from Defendants and inquired whether he would stipulate to a continuance of the EMC. Defense counsel asked Plaintiff for an email address to forward a stipulation to continue the EMC for Plaintiff's signature, but due to Plaintiff's situation he did not have an email address to which a stipulation could be forwarded. It is believed that Plaintiff will be calling the Court Administrator to advise that he is not opposed to continuing the EMC for thirty (30) days.

Because defense counsel does not have the necessary documentation to analyze this case and engage in a thoughtful EMC, Defendants respectfully request that this Court continue the EMC set for July 31, 2018, for thirty (30) days.

## II. DISCUSSION

Local Rule IA 6-1 allows parties to move this Court for a continuance of the time set for a certain event. The rule states, in pertinent part, as follows:

> A motion or stipulation to extend time must state the reasons for the extension requested and inform the court of all previous extensions of the subject deadline the court granted. ... A request made after the expiration of the specific period will not be granted unless the movant or attorney demonstrates that the failure to file the motion before the deadline expired was the result of excusable neglect. Immediately below the title of the motion or stipulation there also must be a statement indicating whether it is the first, second, third, etc., requested extension.

LR IA 6-1(a).

///

///

2

1 | This is Defendants' first request for a continuance of the upcoming EMC. Because Plaintiff has been released from NDOC custody all of his records have been placed in storage. Defendants have requested the documents from storage but to this date have not received said documents. Without said documents, Defendants are unable to analyze Plaintiff's claims and engage in a thoughtful mediation.

Given the nature of Plaintiff's claims and the damages he claims, Defendants assert that a review of Plaintiff's NDOC file in advance of the EMC would be particularly needful. Without a review of Plaintiff's NDOC file in advance of the EMC, Defendants fear that the conference will be unproductive. Accordingly, Defendants seek a continuance of thirty (30) days, so that the Defendants can review Plaintiff's NDOC file in advance of the EMC and be prepared to engage in thoughtful mediation discussions at the EMC.

This request is made in good faith, for the reasons set forth above, and not for the purpose of any unnecessary delay.

### III. CONCLUSION

In order to maximize the effectiveness of the EMC, Defendants respectfully request that this honorable Court grant their motion to continue the EMC for thirty (30) days.

DATED this 23rd day of July, 2018.

ADAM PAUL LAXALT
Attorney General

By: *[signature]*
ERIN K. ALBRIGHT
Deputy Attorney General
State of Nevada
Bureau of Litigation
Public Safety Division

*Attorneys for Defendants*

IT IS SO ORDERED

*[signature]*
U.S. MAGISTRATE JUDGE
DATED: July 23, 2018