UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| LEWIS STEWART<br><br>                Plaintiff,<br>   v.<br><br>ROMEO ARANAS, *et al.*,<br><br>                Defendants. | Case No. 3:17-cv-00132-MMD-CLB<br><br>ORDER |

**I.    SUMMARY**

*Pro Se* Plaintiff Lewis Stewart brings this civil rights action under 42 U.S.C. § 1983. Before the Court is a Report and Recommendation ("R&R") of United States Magistrate Judge Carla Baldwin (ECF No. 60) relating to Defendants'[1] motion for summary judgment ("Motion"). (ECF No. 47.) Judge Baldwin recommends that this Court deny Defendants' Motion. (ECF No. 60 at 1.) Defendants have filed a partial objection ("Objection") (ECF No. 62)[2], challenging only Judge Baldwin's finding that they are not entitled to qualified immunity. For the reasons stated below, the Court overrules the Objection and adopts the R&R in its entirety.

**II.    BACKGROUND**

Plaintiff was formerly an inmate in the custody of the Nevada Department of Corrections ("NDOC"). (ECF No. 4 at 1.) Plaintiff was incarcerated at the Southern Desert Correctional Center ("SDCC") during the time relevant to this action. (*Id.*) Defendants acknowledge that Plaintiff has a history of benign prostatic hyperplasia, also known as an

---

[1]Defendants are Romeo Aranas, James G. Cox, Francisco M. Sanchez, and Brian E. Williams.

[2]Plaintiff filed a response to the Objection. (ECF No. 63.)

enlarged prostate. (ECF No. 47 at 3, ECF No. 47-2 at 1.) The Court incorporates by reference Judge Baldwin's recitation of the factual and procedural background as provided in the R&R (ECF No. 60 at 1–3), which the Court adopts.

## III. LEGAL STANDARD

### A. Review of the Magistrate Judge's Recommendation

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the Court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." *Id.* Where a party fails to object, however, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.") (emphasis in original); Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (providing that a court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation").

In light of Defendants' Objection to part of the R&R, the Court conducts a de novo review to determine whether to adopt the rulings in the R&R to which Defendants object. Having reviewed the R&R, the underlying briefs,[3] and the accompanying exhibits, the Court agrees with Judge Baldwin and will adopt the R&R.

### B. Summary Judgment Standard

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show there is no genuine

---

[3]The Court has also reviewed Plaintiff's response to the Motion (ECF No. 55), and Defendants' reply (ECF No. 56).

2

issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *See id.* at 250–51. "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank v. Cities Service Co.*, 391 U.S. 253, 288–89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *See Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *See Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am.*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

**IV. DISCUSSION**

Judge Baldwin recommends that the Court deny summary judgment for Defendants on Plaintiff's remaining claims, which are two counts of Eighth Amendment deliberate

indifference to serious medical needs. (*See generally* ECF No. 60, ECF No. 4.) Defendants object only to Judge Baldwin's recommendation that they are not entitled to qualified immunity. (ECF No. 62 at 1.) Specifically, Defendants argue that Judge Baldwin erred in finding that they violated a clearly established constitutional right of Plaintiff. (*Id.* at 4.) Plaintiff counters that a reasonable official in Defendants' positions would have known that Plaintiff's treatment was unconstitutional. (ECF No. 63 at 5.)

The Court conducts a two-step inquiry to determine whether Defendants are entitled to qualified immunity. *See, e.g., Groves v. City of Reno*, Case No. 3:13-cv-00537-MMD-WGC, 2015 WL 5350099, *4 (D. Nev. Sept. 14, 2015). First, the Court decides "whether the facts shown make out a violation of a constitutional right." *Id.* If the Court finds a constitutional violation, the Court then decides "whether the constitutional right was clearly established as of the date of the alleged misconduct." *Id.* (citations omitted). Defendants do not object to Judge Baldwin's finding that a genuine issue of material fact exists regarding whether they were deliberately indifferent to Plaintiff's medical needs. (ECF No. 62 at 2.) Therefore, the Court discusses only the second step.

"A [g]overnment official's conduct violates clearly established law when, at the time of the challenged conduct, [t]he contours of [a] right [are] sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011) (quotation marks and citation omitted). The Supreme Court has cautioned courts "not [to] define clearly established law at a high level of generality." *Id.* at 742 (citations omitted). Yet, it is "clear that officials can still be on notice that their conduct violates established law even in novel factual circumstances." *Hope v. Pelzer*, 536 U.S. 730, 741 (2002).

Here, Defendants argue that Judge Baldwin erred by relying on *Toguchi v. Chung*, to find a clearly established constitutional right. (ECF No. 62 at 5–7); *Toguchi v. Chung*, 391 F.3d 1051 (9th Cir. 2004). They contend that while *Toguchi* provides a general statement of the law defining deliberate indifference to medical needs, the case is not sufficiently analogous to put Defendants on clear notice that their treatment of Plaintiff may

4

have been unconstitutional. (ECF No. 62 at 5–8.) Instead, Defendants contend that given the Ninth Circuit's instructions that determinations of qualified immunity must be "fact specific" and "highly contextualized", *Hamby v. Hammond* would be a more appropriate case to rely on. (*See id.* at 8–11); *Hamby v. Hammond* 821 F.3d 1085, 1091 (9th Cir. 2016). In *Hamby*, the court found that prison officials did not violate a clearly established constitutional right by denying plaintiff's hernia surgery because "existing precedent [did] not place beyond debate the unconstitutionality of the course of non-surgical treatment pursued by the prison officials . . .." *Hamby*, 821 F.3d at 1094. Similar to the court's reasoning in *Hamby*, Defendants argue that because there is only one unpublished Ninth Circuit case that considers the treatment of prostatic hyperplasia, Defendants had no clear notice that their treatment of Plaintiff could be unconstitutional. (ECF No. 62 at 8.) The Court disagrees that the inquiry must be so narrow.

Qualified immunity does not require the Court to find a case directly on point to determine that a law has been clearly established. *See Deorle v. Rutherford*, 272 F.3d 1272, 1285–86 (9th Cir. 2001) (clarifying that qualified immunity does not require that a prior case prohibit the exact misconduct at issue in the case); *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996) ("For a right to be clearly established it is not necessary that the very action in question have previously been held unlawful."). And even if this Court were to accept that *Toguchi* did not put Defendants on notice that their conduct may have been unconstitutional, case law clearly establishes that "[p]rison officials are deliberately indifferent to a prisoner's serious medical needs when they deny, delay, or intentionally interfere with medical treatment." *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (internal quotation marks omitted); *see also Singleton v. Lopez*, 577 F. App'x. 733, 735 (9th Cir. 2014) (finding that a substantial delay in effectively treating plaintiff's pain could amount to deliberate indifference, even where plaintiff had already received some treatment).

Therefore, the Court adopts Judge Baldwin's recommendation to deny summary judgment for Defendants on the issue of qualified immunity.

## V. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that the Report and Recommendation of Magistrate Judge Baldwin (ECF No. 60) is adopted and accepted in full.

It is further ordered that Defendants' objection (ECF No. 62) is overruled.

It is further ordered that Defendants' motion for summary judgment (ECF No. 47) is denied.

DATED THIS 9th day of March 2020.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE