UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| LEWIS STEWART, <br><br> Plaintiff, <br> v. <br><br> ROMEO ARANAS, *et al.*, <br><br> Defendants. | Case No. 3:17-cv-00132-MMD-CLB <br><br> ORDER |

Before the Court is Plaintiff's motion to vacate the stay pending Defendants'[1] appeal and request to certify Defendants' appeal as frivolous ("Motion"). (ECF No. 71.) The Court denies the Motion.[2]

Plaintiff argues that Defendants' appeal is frivolous because the Ninth Circuit does not have jurisdiction over qualified immunity claims where genuine disputes of material fact exist. (*Id.* at 5-6). Plaintiff misinterprets the relevant case law. The Ninth Circuit has found that in an appeal of a district court's denial of summary judgment on claims involving qualified immunity, its "jurisdiction is limited to questions of law and does not extend to a qualified immunity claim involving disputed issues of material fact." *KRL v. Estate of Moore*, 512 F.3d 1184, 1188 (9th Cir. 2008); *see also Rodriguez v. County of Los Angeles*, 891 F.3d 776, 791 (9th Cir. 2018). However, this does not mean that the Ninth Circuit is completely divested of jurisdiction where genuine issues of material fact exist—instead, it has jurisdiction to determine whether Defendants are entitled to qualified immunity by

---

[1] Defendants are Romeo Aranas, James G. Cox, Francisco M. Sanchez, and Brian E. Williams.

[2] Accordingly, the Court also denies Defendants' motion to strike portions of Plaintiff's reply (ECF No. 81) as moot.

viewing the evidence in the light most favorable to the non-moving party. *Isayeva v. Sacramento Sheriff's Dep't*, 872 F.3d 938, 945 (9th Cir. 2017); *see also Ames v. King County, Washington*, 846 F.3d 340, 347 (9th Cir. 2017) (internal quotation marks omitted) ("[W]e may properly review a denial of qualified immunity where a defendant argues . . . that the facts, even when considered in the light most favorable to the plaintiff, show no violation of a constitutional right, or no violation of a right that is clearly established in law."); *Schwenk v. Hartford*, 204 F.3d 1187, 1195 (9th Cir. 2000) (finding that the Ninth Circuit "is not precluded from reviewing [interlocutory appeals involving qualified immunity] merely because some of the facts are disputed; rather, for purposes of determining whether the alleged conduct violates clearly established law . . . we assume the version of the material facts asserted by the non-moving party to be correct."). Here, because the issue on appeal is whether the Court's analysis of the second prong of the qualified immunity inquiry was specific enough, the Ninth Circuit has jurisdiction over Defendants' interlocutory appeal.[3] (*See* ECF No. 75 at 2; ECF No. 66 at 1 n.3.) The appeal is therefore not frivolous, and the Court thus denies the Motion.

It is therefore ordered that Plaintiff's motion to vacate the stay pending Defendants' appeal and request to certify Defendants' appeal as frivolous (ECF No. 71) is denied.

It is further ordered that Defendants' motion to strike the reply (ECF No. 81) is denied as moot.

DATED THIS 28th day of October 2020.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] For this reason, the Court is also unpersuaded by Plaintiff's argument that the appeal is frivolous because his Eighth Amendment rights were clearly established at the time of the alleged constitutional violation. (ECF No. 71 at 5-6.) *See Behrens v. Pelletier*, 516 U.S. 299, 313 (1996) (internal quotation marks omitted) ("[S]ummary judgment determinations are appealable when they resolve a dispute concerning an abstract issue of law relating to qualified immunity . . . typically, the issue whether the federal right allegedly infringed was clearly established . . ..")